UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JERRY GEORGE WOOD JR,

    Plaintiff,

v.

KEVIN YOUNG, et al.,

    Defendant.

CASE NO. C18-983-MJP-BAT

**ORDER DENYING MOTION FOR EXTENSION OF PRETRIAL DEADLINE**

On January 7, 2019, the Court set the parties' discovery deadline for April 8, 2019, and the deadline for serving discovery requests for March 7, 2019. Dkt. 32. On March 4, 2019, Mr. Wood filed "a motion for extension of time" in which he appears to request a 45 day extension of the deadline for serving discovery requests, from March 7, 2019 to April 22, 2019. Dkt. 51. Plaintiff indicates on February 7, 2019, he received a "denial of plaintiff request for 'discovery deposition'" and he is "trying to figure out how best to get plaintiff's request honored." *Id.* Plaintiff also indicates on February 19, 2019, defendants objected to many of his "request for production of discovery" and that he is currently seeking information from other sources. *Id.* Plaintiff's motion is noted for March 15, 2019, but, because his motion fails to state good cause for the continuance, the Court finds it appropriate to **DENY** plaintiff's motion at this time.

**DISCUSSION**

A pretrial scheduling order is typically required in actions pending in federal court pursuant to FRCP 16(b). Modification of that schedule may occur only with the court's consent and upon a showing of good cause. FRCP 16(b)(4). The Local Rules for the Western District further restrict the modification of the scheduling order by using the additional phrase "[m]ere failure to complete discovery within the time allowed does not constitute good cause for an extension or continuance." LCR 16(b)(4).

"The district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order ... will not be disturbed unless they evidence a clear abuse of discretion." *Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 369 (9th Cir.1985). An analysis of "good cause" primarily considers the diligence of the party seeking the extension. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment).

Here, Mr. Wood does not explain why he is unable to meet the discovery deadline in this case. Mr. Wood states he received a denial of his request for a deposition from defendants a month ago but does not indicate what he has done in the interim to pursue that information or why that information is relevant to his claims such that he requires additional time to conduct discovery. He also states he is dissatisfied with the discovery responses he received from defendants' counsel but, again, does not describe what additional relevant information he would seek were he provided additional time to conduct discovery. The "[m]ere failure to complete discovery within the time allowed does not constitute good cause for an extension or continuance." LCR 16(b)(4). Accordingly, the Court finds Mr. Wood has failed to demonstrate

good cause for modifying the pretrial scheduling order and his motion (Dkt. 51) is **DENIED**. The Court's scheduling order (Dkt. 32) shall remain in effect.

The Clerk is directed to provide a copy of this order to Mr. Wood, counsel for defendants, and to the Honorable James L. Robart.

DATED this 6th day of March, 2019.

BRIAN A. TSUCHIDA
United States Magistrate Judge