UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JERRY GEORGE WOOD JR, <br><br> Plaintiff, <br><br> v. <br><br> KEVIN YOUNG, et al., <br><br> Defendant. | CASE NO. C18-983-MJP-BAT <br><br> **ORDER DENYING MOTION TO AMEND COMPLAINT** |

Mr. Wood, proceeding *pro se* in this 42 U.S.C. §1983 civil rights action, moves to amend his complaint to add Kimberly Parker, the Snohomish County Jail's Classification Supervisor ("Supervisor Parker), as a defendant. Dkt. 40. Defendants oppose the proposed amendment. Dkt. 47. The Court denies the motion (Dkt. 40) because the proposed amendment would be futile.

## BACKGROUND

Mr. Wood previously sought to name Supervisor Parker in this action related to a claim of insufficient calories in Mr. Wood's Ramadan meals. By order dated August 28, 2018, the Court dismissed Mr. Wood's claims related to Ramadan meals and his claims against Supervisor Parker with prejudice. Dkt. 10. Mr. Wood now seeks to name Supervisor Parker as a defendant again on the grounds that she denied and deprived him of legal envelopes to "the court(s) and

ORDER DENYING MOTION TO AMEND
COMPLAINT - 1

attorney(s)" on several occasions thereby "depriving plaintiff of his right of access to the court(s)." Dkt. 40.

**DISCUSSION**

At this point in the litigation Mr. Wood may no longer amend as a matter of course and, as such, pursuant to Fed. R. Civ. P. 15(a), he "may amend [his] pleading only by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires." While this rule should be liberally interpreted, leave to amend "is not to be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). In determining whether to allow an amendment to a complaint Courts consider the following factors: "the presence or absence of undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, and futility of the proposed amendment." *Moore v. Kayport Package Express, Inc.,* 885 F.2d 531, 538 (9th Cir.1989). "Futility alone can justify the denial of a motion to amend." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). Here, the Court finds the proposed amendment would be futile.

To state a valid claim for a violation of the constitutional right of access to the courts, a prisoner must establish they have suffered an "actual injury" consisting of "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a claim." *Lewis v. Casey*, 518 U.S. 343, 348 (9th Cir. 1996) (internal quotation and citation omitted); *Jackson v. Woodford*, 348 Fed.Appx. 247, 248 (9th Cir. 2009). Here, Mr. Wood fails to allege any facts to indicate he suffered such an actual injury due to Supervisor Parker's alleged actions.

Even if Mr. Wood could allege an actual injury, the Court notes that defendants also present evidence, which Mr. Wood does not dispute, that the actions described by Mr. Wood in

his complaint were taken by Supervisor Parker pursuant to a facially valid court order. Dkts. 47, 48, 49. The order, dated February 22, 2018, directed that Mr. Wood's "use of telephone, visitation privileges, use of library, and mail privileges are restricted to allow only contact with defense counsel and/or persons with their firm." Dkt. 49-1, at 3. Defendants submit evidence, including the amended information in Mr. Wood's criminal case, that this order was issued based on new charges against Mr. Wood of first degree murder, criminal solicitation and first degree kidnapping, criminal solicitation. Dkt. 48-2. According to the amended information, these charges were based on allegations Mr. Wood had solicited another inmate in the same cell block to kill one person and abduct two witnesses in the pending rape case against him and that he had arranged with individuals outside the jail to pay that inmate's bail bond in order to facilitate this. *Id.*

Defendants' evidence indicates that, in order to comply with the Court's order, Mr. Wood was only supplied with envelopes to his attorneys of record on the Court's website, and that Supervisor Parker's responses to Mr. Wood's kites and grievances requesting additional envelopes indicated as such. Dkt. 49, at 3, Dkt. 49-2, 49-3. The defendants note that Mr. Wood was at all times free to seek relief from this order and that, in fact, on December 27, 2018, the Snohomish County Superior Court issued an additional order specifying that Mr. Wood's "use of telephone, visitation privileges, use of library, and mail privileges are restricted to allow only contact with any court and any attorney." Dkt. 49-4.

The Ninth Circuit has explicitly held that "[p]rison officials […] who are charged with executing facially valid court orders enjoy absolute immunity from § 1983 liability for conduct prescribed by those orders." *Engebretson v. Mahoney*, 724 F.3d 1034, 1042 (9th Cir. 2013). Mr. Wood does not dispute that the actions he attributes to Supervisor Parker in his motion to amend

were taken pursuant to a facially valid court order.[1] As such, it appears Supervisor Parker would be immune from liability on the claim Mr. Wood seeks to amend his complaint to add. Accordingly, for this reason as well, it appears that permitting Mr. Wood to amend his complaint would be futile.

For the reasons stated, Mr. Wood's motion to amend his complaint (Dkt. 40) is **DENIED**.

DATED this 13th day of March, 2019.

BRIAN A. TSUCHIDA
United States Magistrate Judge

---

[1] Mr. Wood's motion does not specifically allege that he was denied envelopes for his defense attorney of record, nor did he file a reply alleging as such. Nor does Mr. Woods allege in his motion or in reply that since December 27, 2018, (the date of the subsequent court order) he has been denied envelopes for any court or attorney.

ORDER DENYING MOTION TO AMEND
COMPLAINT - 4