1
2
3
4
5
6                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
7                              AT SEATTLE

8    JERRY GEORGE WOOD JR.,

9                        Plaintiff,              CASE NO. C18-983-MJP-BAT

10        v.                                     **ORDER DENYING SECOND
                                                 MOTION FOR LEAVE TO ARGUE
11   KEVIN YOUNG, et. al.,                       DEFAULT JUDGMENT AND
                                                 MOTION FOR DEFAULT**
12                       Defendant.

13        THIS MATTER comes before the Court on Plaintiff Jerry G. Wood Jr.'s "Second Motion

14   for 'Leave' For Plaintiff to Argue 'Default Judgment' Issue,"  and Motion for Default Judgment

15   Order. Dkt. 63, 64. Plaintiff contends the Court should grant the motion because he "was not

16   afforded the opportunity to fully argue prior to it being dismissed and/or denied." *Id.* at 1. The

17   record belies the contention.

18        Plaintiff filed a motion for default on December 3, 2018. Dkt. 22. On December 10,

19   2018, defendant filed a Response, styled Motion to Strike. Dkt. 23. On December 17, 2018, a

20   report and recommendation was filed recommending Plaintiff's motion for default be denied.

21   Dkt. 26. The report recommended dismissal because Plaintiff failed to provide defendants with

22   written notice of intent to move for default at least fourteen days before filing the motion and

23   failed to provide evidence that proper notice was given as required by LCR 55. *Id.*  The report

advised plaintiff he had a right to object to this recommendation, and that objections, if any, were due January 2, 2019. *Id.* On December 31, 2018, plaintiff filed a response to defendant's motion to strike. Dkt. 29. In his response, Plaintiff did not dispute he failed to give notice as required by LCR 55. Instead he argued defendants should have timely filed an answer, and that he has limited or no access to envelopes to mail things. *Id.*

On January 7, 2019, the Court denied plaintiff's motion for default. Dkt. 31. Plaintiff did not seek reconsideration of this order. Instead, on January 24, 2019, he filed a notice of appeal to the Ninth Circuit seeking review of the Court's order denying his motion for default. Dkt. 37. On February 25, 2019, the Court of Appeals dismissed plaintiff's appeal on the grounds that an order denying a motion for default judgment is not an appealable order. Dkt. 46.

On March 7, 2019, Plaintiff filed a "Motion for Leave to Present a Motion for Reconsideration for a Default Judgment For Defendant's Untimely Answer. Dkt. 54. The Court denied the motion of March 13, 2019. Dkt. 58.

Based on the record before the Court there is no basis to grant Plaintiff's motions. First, it is quite evident from the proceedings in this case that Plaintiff has had ample opportunity to fully argue his motion for default. Second, Plaintiff's motions present the same arguments Plaintiff previously raised and which the Court has already rejected. And third, Plaintiff's motion is not only repetitive of his prior motions but also untimely. Under LCR 7(h) motions for reconsideration must be filed within fourteen days after the order to which it relates is filed. Plaintiff made no attempt to timely move for reconsideration and instead filed an unwarranted notice of appeal. Although Plaintiff has styled the present motion as a "Second Motion" it is nothing more than a second untimely motion for reconsideration.

Accordingly, for the reasons set forth above the Court ORDERS:

1.      Plaintiff's motion for leave to file a second motion and motion for default Dkts. 63, 64 are DENIED;

2.      The Clerk is directed to STRIKE any further motions to reconsider or revisit the Court's Order, Dkt. 31, denying plaintiff's motion for default.

3.      The Clerk shall provide a copy of this order to the parties.

DATED this 26th day of March, 2019.


_____
Marsha J. Pechman
United States District Judge