UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JERRY GEORGE WOOD JR,

    Plaintiff,

v.

DAN STITES, et al.,

    Defendant.

CASE NO. C18-983-MJP-BAT

**ORDER DENYING MOTION TO AMEND COMPLAINT**

Jerry George Wood Jr. commenced this civil rights action pursuant to 42 U.S.C. § 1983 on July 3, 2018. Mr. Wood now moves to amend his complaint. Dkt. 67. Defendants oppose the proposed amendment. Dkt. 68. The Court **DENIES** the motion (Dkt. 67) because the proposed amendment would cause undue prejudice to defendants and, with respect to some claims, because plaintiff unduly delayed in seeking to pursue these claims in this action.

**BACKGROUND**

Several of the claims alleged in Mr. Wood's current operative complaint (the amended complaint, Dkt. 8) were previously dismissed with prejudice by order dated August 28, 2019. Dkt. 10. The remaining claims in Mr. Wood's amended complaint allege the following: (1) Mr. Wood's placement in solitary confinement constitutes cruel and unusual punishment; (2) the Jail's phone system does not allow Mr. Wood to make any phone calls to his criminal defense

ORDER DENYING MOTION TO AMEND
COMPLAINT - 1

attorney; (3) defendants will not provide Mr. Wood with paper and envelopes to communicate with his attorneys or to submit complaints to the Washington Bar Association; and (4) defendants have been deliberately indifferent to Mr. Wood's mental health needs. Dkts. 8-10. The amended complaint names the following defendants: Sgt. Young, Captain Kevin Young, MHP Taylor, MHP Merkel, and Deputy Prosecuting Attorney Mathew Baldock. *Id.*

In his motion to amend Mr. Wood attempts to add two new defendants: Classification Supervisor Kimberly Parker, and Classification Specialist Charles Mitchell. Dkt. 67. Specifically, Mr. Wood asserts that Supervisor Parker retaliated against him for his prior attempt to add her as a defendant in this action (which was denied) by not allowing Mr. Wood to specifically request assistance from one member of her staff, Alexis Wafstet, and instead instructing another member of her staff, Specialist Mitchell, to respond to Mr. Wood's requests. *Id.* Mr. Wood also alleges Specialist Mitchell denied Mr. Wood legal envelopes to "active practicing" attorneys; failed to provide legal copies to Mr. Wood in a reasonable time frame; kept his legal material for six hours before returning them; and, instructed Mr. Wood to call his investigator on his recreation time instead of calling the investigator on Mr. Wood's behalf. *Id.*

Mr. Wood also alleges, generally, that he has only been allowed one hour of recreation time and that his recreation time is sometimes at night when it is cold outside. *Id.* He also complains that because his recreation time is sometimes at night he has fewer opportunities to call his defense counsel. *Id.* Mr. Wood appears to allege defendant Captain Young is responsible for these circumstances because he sets the recreation schedule. *Id.*

**DISCUSSION**

At this point in the litigation Mr. Wood may no longer amend as a matter of course and, as such, pursuant to Fed. R. Civ. P. 15(a), he "may amend [his] pleading only by leave of the

court or by written consent of the adverse party; and leave shall be freely given when justice so requires." While this rule should be liberally interpreted, leave to amend "is not to be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). In determining whether to allow an amendment to a complaint Courts consider the following factors: "the presence or absence of undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, and futility of the proposed amendment." *Moore v. Kayport Package Express, Inc.,* 885 F.2d 531, 538 (9th Cir. 1989). "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight" when determining whether leave to amend is appropriate. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Here, the Court finds allowing Mr. Wood to amend his complaint would cause undue prejudice to the defendants. Mr. Wood's motion to amend seeks to add two new defendants and appears to seek to add additional claims against defendant Captain Young related to his recreation schedule. Dkt. 67. However, discovery has already closed in this case and the current defendants have now filed a motion for summary judgment. Dkt. 71. Allowing Mr. Wood to amend his complaint to add these new defendants and claims would require additional discovery, requiring the discovery period to be reopened, thereby causing added time and expenses for the current defendants. *See Jackson*, 902 F.2d at 1387; *Acri v. International Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398-99 (9th Cir. 1986) (affirming denial of leave to amend and holding the district court did not abuse its discretion in concluding that allowing an amendment would prejudice the defendant because of the necessity for further discovery); *Priddy v. Edelman*, 883 F.2d 438, 447 (6th Cir. 1989) ("Putting the defendants through the time and expense of continued litigation on a new theory, with the possibility of additional discovery,

would be manifestly unfair and unduly prejudicial.") (internal quotation marks and citations omitted) (*cited by Jackson*, 902 F.2d at 1387).

Furthermore, Mr. Wood seeks to add several new claims against new defendants. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007); *see also* Fed.R.Civ.P. 20(a) (2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied). Mr. Wood may not change the nature of this suit by alleging new, unrelated claims in an amended complaint. *George*, 507 F.3d at 607 (no "buckshot" complaints).

The Court also notes that several of the claims Mr. Wood seeks to add also fail to state a claim. For instance, Mr. Wood's proposed amendment fails to state a retaliation claim against Supervisor Parker. Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005). "Mere speculation that defendant acted out of retaliation is not sufficient." *Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014).

Here, Mr. Wood alleges no facts to indicate that Supervisor Parker's actions, in assigning a different member of her staff to respond to Mr. Wood's requests than Mr. Wood had requested, were motivated by Mr. Wood's prior effort to add her as a defendant in this action. Mr. Wood

does not allege or state facts to indicate that Supervisor Parker directed Specialist Mitchell to be less responsive to Mr. Wood's requests. Mr. Wood also does not allege the absence of a legitimate penological reason for the reassignment of staff. Mr. Wood's conclusory statements that Supervisor Parker's actions were retaliatory are insufficient to state a retaliation claim.

With respect to Mr. Wood's additional allegations against defendant Captain Young, the Court also finds amendment should be denied due to Mr. Wood's undue delay. "Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson*, 902 F.2d at 1388. "Courts have [also] found undue delay weighing against granting leave to amend where a motion for leave to amend is filed near or after the close of discovery." *Ewing v. Megrdle*, 2015 WL 1519088, *4 (C.D. Cal. March 26, 2015) (summarizing Ninth Circuit cases affirming denials of motions to amend due to undue delay when the motions were filed near or after the close of discovery).

Here, Mr. Wood appears to indicate he had concerns about these issues with his recreation time beginning in June of 2018, prior to commencing this action. Dkt. 67, at 7. Mr. Wood indicates he had some amelioration of the issue with respect to contacting defense counsel on his recreation time in October 2018, but that in January 2019, the issue resumed. *Id.* It appears, based on Mr. Wood's proposed amendment that he was aware of the additional issues he now seeks to raise against defendant Captain Young when he commenced this action. Even if the issues abated and resumed to some extent in January 2019, Mr. Wood fails to explain why he did not raise these additional claims in his prior motion to amend the complaint (*see* Dkt. 40) or, at a minimum, prior to the close of discovery. Under the circumstances, the Court finds Mr. Wood's

ORDER DENYING MOTION TO AMEND
COMPLAINT - 5

motion to amend to add claims against defendant Captain Young should also be denied based on Mr. Wood's undue delay in raising these claims.

For the foregoing reasons, Mr. Wood's motion to amend the complaint (Dkt. 67) is DENIED. The Clerk shall provide a copy of this order to Mr. Wood and counsel for defendants.

DATED this 7th day of May, 2019.

BRIAN A. TSUCHIDA
United States Magistrate Judge