UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JERRY GEORGE WOOD JR., <br><br> Plaintiff, <br><br> v. <br><br> KEVIN YOUNG, et al., <br><br> Defendants. | CASE NO. C18-983 MJP <br><br> ORDER ADOPTING REPORT AND RECOMMENDATION |

THIS MATTER comes before the Court on Plaintiff's Objections (Dkt. No. 102) to the Report and Recommendation of the Honorable Brian A. Tsuchida, United States Magistrate Judge. (Dkt. No. 99.) Having reviewed the Report and Recommendation, the Objections, the Response (Dkt. No. 103) and all related papers, the Court ADOPTS the Report and Recommendation and GRANTS Defendant's Motion for Summary Judgment.

**Background**

The relevant facts and procedural background are set forth in detail in the Report and Recommendation. (Dkt. No. 99.) Plaintiff now raises numerous objections, contending the

Report and Recommendation erred in finding: (1) Plaintiff was not harmed by being denied legal envelopes (Dkt. No. 102 at 2-10); (2) Defendant Prosecutor Matthew Baldock has immunity for his alleged actions (Id. at 13); (3) Defendants did not act with punitive intent when taking Plaintiff's furniture (Id. at 17-18); (4) Plaintiff's claims regarding Defendants' efforts to enforce a Snohomish County Superior court order are barred by Younger v. Harris, 401 U.S. 37, 45-46 (1971); (5) the Defendant mental health professionals were not deliberately indifferent to Plaintiff's mental health care needs (Id. at 19); and (6) even if Defendant MHP Mirra Merkel covered up a grievance Plaintiff filed against her, Plaintiff failed to demonstrate how this act put him at substantial risk of suffering serious harm, a necessary element of his deliberate indifference claim (Id. at 20).

**Discussion**

**I.     Legal Standard**

Under Federal Rule of Civil Procedure 72, the Court must resolve de novo any part of the Magistrate Judge's Report and Recommendation that has been properly objected to and may accept, reject, or modify the recommended disposition. Fed. R. Civ. P. 72(b)(3); see also 28 U.S.C. § 636(b)(1).

**II.    Motion to File an Over-Length Brief**

As an initial matter, Plaintiff requests ten additional pages to object to the Report and Recommendation. (Dkt. No. 101.) Motions seeking approval to file an over-length brief may be filed as soon as possible but no later than three days before the underlying motion or brief is due, shall be noted for consideration for the day on which it is filed, shall be no more than two pages in length, and shall request a specific number of additional pages. LCR 7(f). Plaintiff has

complied with the local rule in requesting his over-length brief. The Court therefore GRANTS Plaintiff's Motion.

### III.    Plaintiff's Objections

#### A. Access to the Courts and Right to Counsel

Plaintiff contends that pursuant to a Snohomish County Superior Court Order (the "Snohomish Order") issued in a pending criminal case, the prosecutor, Defendant Matthew Baldock, and several of the Defendant prison officials, violated Plaintiff's right to meaningful access to the courts by denying Plaintiff access to (1) legal envelopes addressed to various attorneys, the Honorable James L. Robart, and the Washington State Bar Association and (2) attorneys representing Plaintiff in his other criminal cases. (Dkt. No. 8.) The Snohomish Order, issued after another inmate alleged Plaintiff had recruited him to kidnap and murder witnesses in his pending rape case, restricted Plaintiff's "use of [the] telephone, visitation privileges, use of [the] library, and mail privileges" to only allow contact with "defense counsel and/or persons with their firm." (Dkt. No. 73, Declaration of Matthew Baldock ("Baldock Decl."), Ex. C at 3.) The order was later changed to allow Plaintiff to have contact with "any court and any attorney." (Id., Ex. E at 3.) The original Order was signed by Plaintiff's defense attorney in the Snohomish County case. (Id.)

In his Report and Recommendation, Magistrate Judge Tsuchida recommended dismissing Plaintiff's claims, finding that, pursuant to Ninth Circuit precedent, DPA Baldock and Defendant prison officials enjoy absolute immunity from liability under Section 1983 for their roles in interpreting and enforcing the Snohomish Order, Plaintiff failed to allege any actual injury resulted from the denial of envelopes, and his challenges to the validity of the Snohomish Order

1 | are barred by the Younger doctrine. (Dkt. No. 99 at 21-24, 27 (quoting Younger, 401 U.S. at

2 | 45-46.)

3 |       Plaintiff now objects to each of these points, arguing: Defendants cannot be immune from

4 | Section 1983 liability for denying Plaintiff legal envelopes addressed to Judge Robart because

5 | this "violat[ed] or thwart[ed]" the Snohomish Order and, additionally, the order "was obtained

6 | outside of Mr. Baldock['s] capacity as a prosecutor," because Defendant Baldock promoted an

7 | order that was not "facially valid" (Dkt. No. 102 at 12-13, 17); Plaintiff was injured when

8 | Defendants failed to give him a legal envelope on time to provide Defendants with the required

9 | notice of his Motion for Default, which led the Court to deny his motion (Id.; Dkt. No. 22); and

10 | the Snohomish Order prevented him from accessing his counsel in his other pending criminal

11 | cases, including defense counsel Colleen Hartl, and as a result was unable to "initiate talks" in

12 | order to gain a plea deal in his pending criminal case in King County. (Dkt. No. 102 at 14, 18.)

13 |       Plaintiffs objections fail to undermine the analysis in the Report and Recommendation.

14 | First, contact with anyone other than Plaintiff's defense counsel or staff is plainly barred by the

15 | Snohomish Order; this includes Judge Robart. (See Baldock Decl., Ex. C at 3, Ex. E. at 3.) And,

16 | as discussed at length in the Report and Recommendation, Defendant Baldock has absolute

17 | immunity for his advocacy in support of the Snohomish Order. (Dkt. No. 99 at 23); Ybarra v.

18 | Reno Thunderbird Mobile Home Village, 723 F.2d 674, 678 (9th Cir. 1984). Further, denial of

19 | Plaintiff's Motion for Default is not evidence of harm because Plaintiff has not demonstrated he

20 | would have been granted a default judgment, especially given that Defendants answered the

21 | Amended Complaint less than two weeks after Plaintiff's Motion, and "federal courts prefer to

22 | resolve disputes on the merits rather than by default." Employee Painters' Tr. Health & Welfare

23 | Fund v. Bessey, No. C08-5205 FDB, 2008 WL 4565947, at *2 (W.D. Wash. Oct. 10, 2008).

24 |

1    Finally, while the original Snohomish Order may have been impermissibly narrow in
2    limiting Plaintiff's ability to contact attorneys in his other criminal cases, Plaintiff's arguments
3    about the scope of the Order are barred by Younger v. Harris, 401 U.S. 37, 45-46 (1971), which
4    requires that a district court dismiss a federal action if state proceedings are (1) ongoing, (2)
5    implicate important state interests, and (3) afford the plaintiff an adequate opportunity to raise
6    the federal issue. Columbia Basin Apartment Ass'n v. City of Pasco, 268 F.3d 791, 799 (9th Cir.
7    2001) (citation omitted). As discussed in the Report and Recommendation, the Younger criteria
8    are all satisfied here. (Dkt. No. 99 at 27.)

**B. Chair, Table, Desk, and Bed Frame**

Plaintiff claims that Defendants violated his constitutional rights by denying him a chair, desk, and table for several months while he was in restrictive housing, following the allegations that he solicited another inmate to kidnap and murder witnesses in his pending rape case. (Baldock Decl., Ex. B at 2-3.) "For a particular governmental action to constitute punishment, (1) that action must cause the detainee to suffer some harm or "disability," and (2) the purpose of the governmental action must be to punish the detainee." Demery v. Arpaio, 378 F.3d 1020, 1029 (9th Cir. 2004). Based on Plaintiff's failure to demonstrate that the lack of furniture "significantly exceed[ed] or [was] independent of the inherent discomforts of confinement," Demery, 378 F.3d at 1029, undisputed evidence that Plaintiff's restrictive housing unit did not normally contain a chair, desk or table (Dkt. No. 75 at 4), and the legitimate governmental interests in keeping Plaintiff away from other inmates, Magistrate Judge Tsuchida recommended dismissing Plaintiff's claims. (Dkt. No. 99 at 34.)

Plaintiff now objects, arguing that Defendants' punitive intent can be gleaned from the fact that (1) Plaintiff was confined to the restrictive housing unit for longer than other inmates,

who usually leave after 48 hours; and (2) he now has a desk in his cell, which he presumably could have had all along. (Dkt. No. 102 at 18.) The Court finds that neither of these objections demonstrate the Defendants acted with punitive intent, especially when Plaintiff presents no evidence that other inmates are moved within 48 hours and, without more, Defendants' recent efforts to accommodate Plaintiff do not imply past punitive intent.

Plaintiff also alleges that Defendants violated his rights by replacing his metal bed frame with a plastic one after Defendant Sergeant Daniel Young claimed he heard Plaintiff ram his metal frame against his cell door. (Dkt. Nos. 8, 39, 89.) Plaintiff now objects to the Report and Recommendation's conclusion that there was no constitutional violation, arguing that Defendant Daniel Young fabricated hearing Plaintiff slam his bed against the door because he later asked another correctional officer if he had seen the incident, and because Plaintiff is now housed in a cell with a metal frame that is bolted to the floor, giving Plaintiff a plastic bed was never necessary for security. (Dkt. No. 102 at 4-5, 17-19.)

Again, Plaintiff's objections fail to undermine the analysis in the Report and Recommendation. First, Plaintiff's allegation only suggests Defendant Young was seeking an additional witness, which does not foreclose the possibility that Defendant Young himself had seen Plaintiff slam the bed. (Dkt. No. 102 at 4.) And even if Plaintiff had demonstrated that other cells with bolted bed frames were available—which he has not—Defendants were not required to place Plaintiff in those cells when a reasonable alternative was available. Bell v. Wolfish, 441 U.S. 520, 547 (1979).

      **a. Medical Care**

Plaintiff alleges Defendants were deliberately indifferent to his mental health needs in failing to place him on a sharps restriction or keep him on suicide watch after his alleged suicide

attempt. (Dkt. No. 8 at 8; Dkt. No. 89.) He also alleges that Defendant MHP Merkel "destroyed" a grievance he made against her. (Id.)

Citing the record evidence that Plaintiff complained of mental health symptoms "somewhat sporadically and at times subsequently denied or undermined his experience of those symptoms after the fact," Defendant MHPs' clinical assessments that Plaintiff was either fabricating or exaggerating symptoms, an outside competency evaluation during which the evaluator reviewed and summarized all of Plaintiff's mental health records and concluded that Plaintiff's test results were "highly suggestive" that he was feigning or exaggerating his reported psychiatric symptoms, and the fact that jail MHPs continued to regularly see and evaluate Plaintiff, periodically placing him on suicide watch when he indicated he was having thoughts of self-harm, Magistrate Judge Tsuchida concluded that Plaintiff failed to establish a violation of his Fourteenth Amendment right with respect to his mental health care. (Dkt. No. 99 at 38-39 (citing Dkt. No. 79 Taylor Decl. at 3-4; Dkt. No. 77, Merkel Decl. at 3).)

Magistrate Judge Tsuchida also found that Plaintiff's allegation against MHP Merkel—that she "destroyed" a grievance Plaintiff submitted against her—was speculative and Plaintiff failed to demonstrate how, even if true, this put him at substantial risk of suffering serious harm. (Dkt. No. 99 at 40.)

In his objections, Plaintiff primarily reiterates arguments that were well addressed in the Report and Recommendation. (Dkt. No. 102 at 19.) But he also adds a new allegation that he reported complaining about voices telling him to harm himself on January 10 and 21 to Defendant MHP Taylor, who failed to place Plaintiff on a sharps restriction in response. (Dkt. No. 102 at 19.) Given the exhaustive discussion of Plaintiff's history of complaining about mental health symptoms and subsequently denying those symptoms, and his ongoing treatment

by jail MHPs, including on January 24 when it was concluded he was not a safety risk, Plaintiff has failed to demonstrate that his new allegation creates a genuine issue of material fact that Defendants were deliberately indifferent to his mental health care needs. (Dkt. No. 99 at 11-19, 38-39; Dkt. No. 76, Ex. D at 4.)

Plaintiff also reiterates his arguments regarding MHP Merkel, claiming that she is "lying." (Dkt. No. 102 at 20.) Because this argument was also well addressed in the Report and Recommendation, the Court need not reiterate the analysis here. (See Dkt. No. 99 at 40-43.)

**Conclusion**

The Court, having reviewed defendants' motion for summary judgment (Dkt.71), the Report and Recommendation of United States Magistrate Judge Brian A. Tsuchida, and the remaining record, does hereby ORDER:

1) The Court adopts the Report and Recommendation.

2) Defendants' motion for summary judgment (Dkt. 71) is GRANTED. Plaintiff's claims related to his alleged inability to make phone calls to his defense attorney from February 2018 to July 2018 are DISMISSED WITHOUT PREJUDICE pursuant to Younger v. Harris, 401 U.S. 37, 45, 46 (1971). Plaintiff's remaining claims are DISMISSED WITH PREJUDICE.

3) Plaintiff's Motion to File an Over-Length Brief (Dkt. No. 101) is GRANTED.

4) The Clerk of Court is directed to send copies of this Order to Plaintiff, counsel for Defendants, and to Judge Tsuchida.

//
//
//

Dated September 4, 2019.

	*Marsha J. Pechman*
	Marsha J. Pechman
	United States District Judge